

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| RICHARD LIVINGSTON, a/k/a Richard H. Livingston, | § § § | |
| Plaintiff/Counter-Defendant, | § § | |
| vs. | § § | CIVIL ACTION NO. 3:16-01591-MGL |
| ROBERT SACKETT, personally, and as Personal Representative of the Estate of Phyllis Elaine Busby Livingston, | § § § § § | |
| Defendant/Counter-Plaintiff. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed this diversity action pursuant to 28 U.S.C. § 1332 raising state law claims of promissory estoppel, breach of fiduciary duty, and intentional infliction of emotional distress against Defendant. Defendant asserted counterclaims of conversion and breach of fiduciary duty against Plaintiff. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant's motion for summary judgment be granted as to Plaintiff's claims and Defendant's counterclaim for conversion, but denied as to Defendant's counterclaim for breach of fiduciary

duty, which fails to state a claim. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 14, 2017, but the parties failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Defendant's motion for summary judgment is **GRANTED IN PART** as to Plaintiff's claims and Defendant's counterclaim for conversion. Defendant's motion is **DENIED IN PART** as to Defendant's counterclaim for breach of fiduciary duty, and that counterclaim is **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS SO ORDERED**.

Signed this 3rd day of August, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.