

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| RICHARD LIVINGSTON, a/k/a<br>Richard H. Livingston,<br><br>Plaintiff/Counter-Defendant,<br><br>vs.<br><br>ROBERT SACKETT, personally, and as<br>Personal Representative of the Estate of<br>Phyllis Elaine Busby Livingston,<br><br>Defendant/Counter-Plaintiff. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:16-01591-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff filed this diversity action pursuant to 28 U.S.C. § 1332 raising state law claims of promissory estoppel, breach of fiduciary duty, and intentional infliction of emotional distress against Defendant. Defendant asserted counterclaims of conversion and breach of fiduciary duty against Plaintiff. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendant's motion for summary judgment be granted as to Plaintiff's claims and Defendant's counterclaim for conversion, but denied as to Defendant's counterclaim for breach of fiduciary

1

duty, which fails to state a claim. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 14, 2017, and the Clerk of Court entered Plaintiff's objections to the Report on August 3, 2017. The Court has carefully considered the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). As provided above, however, the Court need not—and will not—address any of Plaintiff's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

In Plaintiff's objections, he notes the Magistrate Judge ordered him to file redacted documents or else the unredacted documents he previously filed would be stricken from the record. Plaintiff states he "answered the defendant's motion for summary judgment on June 6 with

properly redacted and filed exhibits." ECF No. 84 at 1. Further, Plaintiff argues the Magistrate Judge erred in recommending there is no evidence to support Plaintiff's claims because he presented at least "a scintilla of evidence," which should enable him to withstand summary judgment. *Id.* at 2. The Court is unable to agree.

As explained in detail by the Magistrate Judge, Plaintiff filed exhibits to support his motion for summary judgment and serve as a response to Defendant's motion for summary judgment. *See* ECF Nos. 61, 64. Because these exhibits contained sensitive personal information, the Magistrate Judge instructed Plaintiff to file redacted documents and warned him failure to comply with the order may result in the exhibits being stricken from consideration and the record. ECF No. 62. The Magistrate Judge further declined to consider Plaintiff's untimely motion for summary judgment. ECF Nos. 68, 71. In Plaintiff's objections, he asserts he filed properly redacted documents in conjunction with his response in opposition to Defendant's motion for summary judgment on June 6, 2017. *See* ECF No. 74. A careful review of the documents attached to Plaintiff's response reveals them to be three separate cases from South Carolina state courts Plaintiff relies on to support his claims. Nowhere in Plaintiff's June 6, 2017, filing does the Court find "properly redacted and filed exhibits," contrary to Plaintiff's assertion he provided the same. Thus, the Court agrees with the Magistrate Judge that Plaintiff has not attempted to properly refile the exhibits, and the unredacted documents were properly stricken from the record.

Moreover, Plaintiff's contention he provided at least "a scintilla of evidence" sufficient to withstand summary judgment is misguided, as he relies on an incorrect standard. Rather than showing merely "a scintilla of evidence," Plaintiff must comply with the summary judgment standard set forth in Rule 56 of the Federal Rules of Civil Procedure, as discussed by the Magistrate

Judge in the Report, and which this Court incorporates by reference. *See* ECF No. 78 at 6-7. Inasmuch as the Court agrees with the Magistrate Judge that Plaintiff has failed to present any admissible evidence to support his claims, the Court will overrule Plaintiff's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Defendant's motion for summary judgment is **GRANTED IN PART** as to Plaintiff's claims and Defendant's counterclaim for conversion. Defendant's motion is **DENIED IN PART** as to Defendant's counterclaim for breach of fiduciary duty, and that counterclaim is **DISMISSED WITH PREJUDICE** for failure to state a claim.

**IT IS SO ORDERED**.

Signed this 8th day of August, 2017, in Columbia, South Carolina.

                                       s/ Mary Geiger Lewis
                                       MARY GEIGER LEWIS
                                       UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.